| | |
|---|---|
| SANDY TSAI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )     Case No. 4:14-CV-244 (CEJ) |
| | ) |
| JERRY KARLIK, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to dismiss this matter for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2) or for improper venue pursuant to Fed.R.Civ.P. 12(b)(3). In the alternative, defendants move to transfer this matter to a state or federal court in Illinois pursuant to 28 U.S.C. § 1404 and the doctrine of *forum non conveniens*. Plaintiff has responded in opposition, and the issues are fully briefed.

### I.   Background

Plaintiff Sandy Tsai brings this action against defendants under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c), alleging that defendants defrauded her by encouraging her to invest in a real estate development project in Chicago, Illinois and then using her investment for their own personal expenditures. Plaintiff claims that she invested in $1.5 million in 15th Street Blue Island, LLC., ("15 BI") a company formed to acquire and develop property located at 15th Street and Blue Island Avenue in Chicago. Plaintiff alleges that defendants Jerry Karlik, Jordan Karlik, Keith Giles, Spiros Picoulas, and the corporations owned or

managed by these individuals,[1] looted the assets of 15 BI. Plaintiff alleges that defendants committed mail and wire fraud in furtherance of their scheme, and engaged in a pattern of racketeering in violation of 18 U.S.C. § 1962(c).

## II. Personal Jurisdiction

The defendants reside in Illinois and in New York and were served with process in those states. They move to dismiss plaintiff's claims for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2). Plaintiff has the burden of establishing that personal jurisdiction exists over non-resident defendants. Burlington Indus., Inc. v. Maples Indus., Inc., 97 F.3d 1100, 1102 (8th Cir. 1996). For plaintiff to survive defendants' motion to dismiss for lack of personal jurisdiction, plaintiff "need only make a prima facie showing of jurisdiction…." Epps v. Stewart Info. Servs. Corp., 327 F.3d 642, 647 (8th Cir. 2003). Plaintiff may make this showing by affidavits, exhibits, or other evidence. The Court must view the facts in the light most favorable to the nonmoving party. Id.

Under 18 U.S.C. § 1965, nationwide service of process is authorized for RICO claims. See, e.g., Golub & Assocs., Inc. v. Long, No. 4:09-CV-92 (JCH), 2009 WL 690118, *1-2 (E.D. Mo. Mar. 11, 2009). Although the Eighth Circuit has not yet addressed the relationship between nationwide service of process under RICO and personal jurisdiction, this Court has found that "where, as here, a federal statute authorizes nationwide service of process, the exercise of personal jurisdiction is compatible with due process as long as the defendants have sufficient minimum contacts with the United States." Id. (internal citations and quotations omitted).

---

[1] The corporations named as defendants are Kargil Development Partners, LLC., Frankel Giles & Associates, Inc., Picoulas Enterprises Corp., Kargil Blue Island LLC., and K Giles, LLC., Inc.

Defendants had the necessary contacts with the United States to satisfy due process. They reside and transact business in the United States. Because RICO's provision for nationwide service of process provides a statutory basis for exercising personal jurisdiction over defendants, the Court need not address the Missouri long-arm statute. See, e.g., Jennings v. Bonus Bldg. Care, Inc., No. 4:13-CV-663-W-DGK, 2014 WL 1806776, at *3 (W.D. Mo. May 7, 2014) (finding that, in action under RICO, "due process of law requires only that the defendant has sufficient contacts with the *United States*, not the state in which the district court sits."); Omni Video Games v. Wing, 754 F.Supp. 261, 263 (D.R.I. 1991) (same); Kingsepp v. Wesleyan Univ., 763 F.Supp. 22, 25 (S.D.N.Y. 1991) (discussing Clayton Act's nationwide service of process provision, and stating that, "when a defendant resides in the United States and is subject to nationwide service of process under a federal statute, the defendant is subject to personal jurisdiction in federal court without regard to state long-arm statutes and due process requirements are satisfied by the defendant's contact with the United States."). Accordingly, this Court may exercise personal jurisdiction over the defendants.

## II.    Forum Non Conveniens

Defendant seeks to enforce the forum-selection clause contained in the Operating Agreement of 15 BI, by moving to transfer this case to the United States District Court for the Northern District of Illinois under 28 U.S.C. § 1404(a) or to the Circuit Court of Cook County, Illinois pursuant to the doctrine of *forum non conveniens*.[2]  The forum-selection clause states, in relevant part:

---

[2] Section 1404(a) is a codification of the doctrine of *forum non conveniens* and applies to the subset of cases in which the transferee forum is a federal court.  The doctrine of *forum non conveniens* applies to situations in which the transferee forum is a state or foreign court. The standards governing transfer under § 1404(a) and *forum non conveniens* are the same.

> Any suit involving any dispute or matter arising under this Agreement may only be brought in the United States District Court for the Northern District of Illinois or any Illinois State Court having jurisdiction over the subject matter of the dispute or matter.

Ex. D [Doc. #39-4], at 23.  As the Supreme Court explained recently in <u>Atlantic Marine Construction Co., Inc. v. United States District Court for the Western District of Texas</u>, 134 S.Ct. 568, 581 (2013), a "valid forum-selection clause requires district courts to adjust their usual § 1404(a) [and *forum non conveniens*] analysis…."  Thus, if the Operating Agreement's forum-selection clause is valid and applicable to plaintiff's claims under RICO, the Court will adjust its analysis accordingly.

### A.    Validity of the Forum-Selection Clause

A forum-selection clause is *prima facie* valid and should be enforced unless enforcement would be unjust or unreasonable.  <u>M.B. Rests., Inc. v. CKE Rests., Inc.</u>, 183 F.3d 750, 752 (8th Cir. 1999).  When "the forum selection clause is the fruit of an arm's length negotiation, the party challenging the clause bears an especially 'heavy burden of proof' to avoid its bargain."  <u>Servewell Plumbing, LLC v. Fed. Ins. Co.</u>, 439 F.3d 786, 789 (8th Cir. 2006) (citing <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 17 (1972)).  "While inconvenience to a party is an insufficient basis to defeat an otherwise enforceable forum selection clause, a party can avoid enforcement of the clause by showing that proceeding in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court."  <u>Union Elec. Co. v. Energy Ins. Mut. Ltd.</u>, 689 F.3d 968, 974 (8th Cir. 2012) (internal citations and quotations omitted).  A party can also avoid enforcement by showing that

---

<u>Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tx.</u>, 134 S.Ct. 568, 580 (2013).

"enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." Bremen, 407 U.S. at 15.

Plaintiff offers three arguments against enforcement of the forum-selection clause in this case. First, some of the named defendants in this case are not parties to the Operating Agreement.[3] However, a forum-selection clause may not be defeated "by suing an affiliate or affiliates of the party to the contract in which the clause appears, or employees of the affiliates." Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd., 364 F.3d 884, 889 (7th Cir. 2004); see also Brock v. Entre Computer Ctrs., Inc., 740 F.Supp. 428, 430 (E.D. Tex. 1990) (forum-selection clause applies to "transaction participants" even if they were not parties to the contract); CCI of Arkansas, Inc. v. Baggette Constr., Inc., No. 4:09-CV-513 (JLH), 2009 WL 3010986, at *3 (E.D. Ark. Sept. 17, 2009) (nonsignatories to contract interwoven in dispute between parties to contract may invoke contract's forum-selection clause). Plaintiff has done exactly that. She has sued the parties to the contract, in addition to their affiliates - corporations that are owned, controlled, and allegedly used by the parties to loot 15 BI. Plaintiff may not avoid the forum-selection clause by naming affiliates of the contractual parties as defendants.

Plaintiff next argues that the forum-selection clause does not apply to her RICO claims. However, the language of the clause applies broadly to "any suit involving any dispute or matter arising under this Agreement." Ex. D [Doc. #39-4], at 23. Plaintiff's pleadings draw heavily on the language of the Operating Agreement, and allege mismanagement of 15 BI in violation of defendants' contractual obligations. See Pl.

---

[3] Plaintiff states that defendants Kargil Development Partners, L.L.C., Frankel, Giles & Associates, Inc., Picoulas Enterprises Corporation, KGiles LLC, Inc., and Picoulas are not parties to the contract.

Compl. [Doc. #1]. Her RICO claims are directly related to the contract, and therefore are covered by the forum-selection clause. See Crescent Int'l, Inc. v. Avatar Communities, Inc., 857 F.2d 943, 944 (3d Cir. 1988) ("[P]leading alternate non-contractual theories is not alone enough to avoid a forum selection clause if the claims asserted arise out of the contractual relation and implicate the contract's terms."); Terra Int'l, Inc. v. Mississippi Chem. Corp., 922 F.Supp. 1334, 1379 (N.D. Iowa 1996) ("[T]he critical question is not whether the language of the forum selection clause at issue expressly encompasses non-contract claims, but instead whether the non-contract claims asserted are directly or indirectly related to the contractual relationship of the parties."); Brock, 740 F.Supp. at 430 (applying forum-selection clause to claims sounding in tort as well as contract).

Finally, plaintiff argues that the forum-selection clause is unenforceable because the entire Operating Agreement is tainted by fraud. A forum-selection clause will not be enforceable if that particular clause was procured by fraud or coercion, Marano Enters. of Kansas v. Z-Techa Rests., L.P., 254 F.3d 753, 757 (8th Cir. 2001), or if the scheme to defraud commenced before the contract was executed. Farmland v. Frazier-Parrot Commodities, 806 F.2d 848, 851 (8th Cir. 1987) (abrogated on other grounds by Lauro Lines S.R.L. v. Chasser, 490 U.S. 495 (1989)). Plaintiff does not suggest that the inclusion of the forum-selection clause in the Operating Agreement was fraudulent, nor does she allege that defendant's fraudulent scheme began prior to the execution of the contract. Rather, plaintiff's complaint suggests that defendant's scheme began in 2007, after the execution of the contract in 2006. See Compl. [Doc. #1]. The Court concludes that the forum-selection clause is valid, enforceable, and applicable to plaintiff's RICO claims.

### B.     Adjusted Analysis under 28 U.S.C. § 1404(a)

Because the parties have agreed to a valid forum-selection clause, the Court's

analysis of defendants' motion to transfer forums is altered.  See Atl. Marine, 134 S.Ct.

at 581.  The Court may not consider the parties' private interests, such as whether the

forum is convenient for the parties or their witnesses.  Id.  Nor does plaintiff's choice

of forum carry weight.  Id.  Rather, "the plaintiff bears the burden of establishing that

transfer to a forum for which the parties bargained is unwarranted."  Id.  The Court

may assess public-interest considerations in determining whether transfer under

Section 1404(a) or *forum non conveniens* is appropriate.  Id. at 582.

Plaintiff argues that the public interest favors her choice of forum.  She asserts

that the congested dockets of the Circuit Court of Cook County, Illinois and the District

Court for the Northern District of Illinois would significantly delay her case.  She also

points to the State of Missouri's interest in protecting its residents from fraud.  The

Court has considered these arguments, but finds that they do not outweigh the public

interest in enforcing the parties' bargain as written.  Moreover, there is no question

that plaintiff's dispute with defendants centers around property located in Illinois, and

that Illinois has a strong interest in preventing the type of fraudulent activity alleged

in this case.  Finally, the Court notes that similar litigation, brought by plaintiff and

other members of 15 BI, is currently pending in state court in Cook County, Illinois.

Plaintiff may not avoid the forum bargained for in the Operating Agreement by

repackaging her grievances as RICO claims.

"When the parties have agreed to a valid forum-selection clause, a district court

should ordinarily transfer the case to the forum specified in that clause.  Only under

extraordinary circumstances unrelated to the convenience of the parties should a

§1404(a) motion be denied." Atl. Marine, 134 S.Ct. at 581. Plaintiff has failed to demonstrate that such extraordinary circumstances exist in this case. Accordingly, defendants' motion to transfer will be granted.[4]  To honor plaintiff's selection of a federal forum for her case, the Court will transfer this matter to the District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a).

\* \* \*

For the reasons set forth above,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss for lack of personal jurisdiction [Doc. #38] is **denied**.

**IT IS FURTHER ORDERED** that defendants' motion to transfer this case pursuant to 28 U.S.C. § 1404(a) [Doc. #38] is **granted**.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss for improper venue [Doc. #38] is **moot**.

**IT IS FURTHER ORDERED** that plaintiff's motion for a hearing [Doc. # 54] is **denied**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall transfer this case to the United States District Court for the Northern District of Illinois.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 24th day of July, 2014.

---

[4] It is clear that this case should be transferred under § 1404 or *forum non conveniens*. Therefore, the Court need not take up the issue of the propriety of this venue under RICO or the general federal venue statute.  See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 425 (2007) ("[A] district court has discretion to respond at once to a defendant's *forum non conveniens* plea, and need not take up first any other threshold objection.").